**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**GEORGE KARDOUH,**

      **Petitioner,**

**v.**                                                   **2:26-cv-00619-DHU-JMR**

**TODD LYONS, Acting ICE Director; DORA**
**CASTRO, Warden of Otero County Processing**
**Center; JOEL GARCIA, ICE Director at El**
**Paso Field Office; KRISTI NOEM, DHS**
**Secretary; and PAMELA BONDI, U.S. Attorney**
**General,**

      **Respondents.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** is before the Court on Petitioner George Kardouh's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. For the reasons below, the Petition is **GRANTED.**

**I.**       **BACKGROUND**

In September 2024, Petitioner, who is a citizen of Syria, was placed in removal proceedings. Doc. 1 at ¶¶ 1, 5. Petitioner timely applied for asylum and for withholding of removal, which the Immigration Judge ("IJ") granted based on Petitioner's fear of mandatory conscription in Syria. *Id.* at ¶ 6. The Government timely filed an appeal with the Board of Immigration Appeals (BIA). *Id.* at ¶ 1. On January 4, 2025, the Government moved to remand Petitioner's case to the IJ based on changed country conditions, which the BIA granted. *Id.*

On remand, Petitioner decided to withdraw his asylum application on June 9, 2025. *Id.* at ¶ 2. That same day, the IJ denied Petitioner's request for post-conclusion voluntary departure and ordered him removed to Syria or, alternatively, to Brazil. *Id.* On June 10, 2025, Petitioner requested to be removed to Brazil, which the Brazilian consulate denied on August 27, 2025. Doc. 10-1 at

1

¶¶ 10-11. On September 3, 2025, ICE sent a travel document request to the Syrian consulate and requested an update of such on December 19, 2025. *Id.* at ¶¶ 13, 15. On February 26, 2026, ICE was informed that Syria is not currently conducting interviews. Id. at ¶ 17.

Petitioner is currently detained at the Otero Processing Center in Chaparral, New Mexico. Doc. 1 at ¶ 11. On March 2, 2026, Petitioner filed the instant Petition.

## II.   LEGAL STANDARD

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Munaf v. Geren*, 553 U.S. 674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)). A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. In *Zadvydas*, the Supreme Court established a presumptively reasonable six-month period of detention. *Id.* at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is

2

subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." *Zadvydas*, 533 U.S. at 695, 699.

## III.    DISCUSSION

Petitioner argues that his prolonged detention—now exceeding six months—violates 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment. Doc. 1. at ¶¶ 29-47. Respondents argue that although the period of delay in removing Petitioner has surpassed six months, "the reasons for the delay are credibly explained" and ICE "is continuing its efforts to remove [Petitioner] to Syria." Doc. 10 at 3-4.

The Court first finds that the presumptively reasonable six-month-period of detention has expired, *see Zadvydas*, 533 U.S. at 701, for Petitioner has been detained since June 9, 2025—a period of almost ten months. Doc. 1. at ¶ 24.

The Court next finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. "Courts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden." *Naghiyev v. Bondi*, No. 2:25-cv-1313 MIS/DLM, 2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (citing *Lorenzo v. Bondi*, No. 2:25-cv-0923 KWR/GJF, 2026 WL 84521, at *5–6 (D.N.M. Jan. 12, 2026); *Jimenez Chacon v. Lyons*, __ F. Supp. 3d __, No. 2:25-cv-0977 DHU/KBM, 2025 WL 3496702, at *7 (D.N.M. Dec. 4, 2025); and *Salazar-Martinez v. Lyons*, No. 2:25-cv-0961 KG/KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025)). The Government's thus-far unsuccessful attempt to secure travel or repatriation documents from the Syrian government satisfies Petitioner's burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Zadvydas*, 533 U.S. at 701.

Lastly, the Court finds that Respondents wholly failed to meet their burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future." *Id.* To satisfy this burden, Respondents must present evidence in support of their position. *See id.* ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond *with evidence* sufficient to rebut that showing." (emphasis added)). The Government has presented none.

Because Petitioner has shown good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, his continued, indefinite detention violates the Fifth Amendment's Due Process Clause and 8 U.S.C. § 1231, and he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3). *See Jiminez Chacon*, 2025 WL 3496702, at *8, *10; *Salazar-Martinez v. Lyons*, 2025 WL 3204807, at *2-3; *Hmung v. Bondi*, Case No. CIV-25-1303-J, 2025 WL 3657221, at *4 (W.D. Okla. Dec. 9, 2025), *report and recommendation adopted*, 2025 WL 3670499 (W.D. Okla. Dec. 17, 2025); *Momennia v. Bondi*, Case No. CIV-25-1067-J, 2025 WL 3011896, at *8-10 (W.D. Okla. Oct. 15, 2025), *report and recommendation adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025).

IV.     CONCLUSION

For the reasons stated above, Petitioner's habeas petition (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that, within twenty-four (24) hours of this Order, Respondents release Petitioner under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3). **IT IS FURTHER ORDERED** that Respondents file a Notice of Compliance with this

4

Order as soon as practicable after Petitioner's release, and no later than three (3) days after entry of this Order.

      **IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE